Ross C. Goodman, Esq.
Nevada Bar No. 7722
**GOODMAN LAW GROUP, P.C.**
520 S. Fourth St., 2nd Floor
Las Vegas, Nevada 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088
Email: ross@goodmanlawgroup.com
*Attorneys for Defendant D. Westwood, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIELLE LARSON, individually,<br><br>Plaintiff,<br><br>vs.<br><br>D. WESTWOOD, INC. d/b/a TREASURES GENTLEMENS CLUB, a Nevada corporation; DOES I-X ROE BUSINESS ENTITIES I-X inclusive,<br><br>Defendants. | Case No.: 2:15-cv-01372-RFB-GWF<br><br>**STIPULATED PROTECTIVE ORDER** |

Defendant, D. Westwood, Inc., d/b/a Treasures Gentlemen's Club ("Defendant"), by and through its attorney Ross C. Goodman, Esq., and Plaintiff, Danielle Larson ("Plaintiff"), by and through her attorneys Joseph Gutierrez, Esq. and Luis Ayon, Esq. of Maier Gutierrez Ayon, hereby stipulate and agree, pursuant to this Protective Order that the use and handling of Confidential Information (as defined herein) and Discovery Material (as defined herein) in these proceedings shall be governed by and subject to the provisions below:

Plaintiffs and Defendant, separately and each of them, are each a "party" and are collectively referred to as the "parties." Any reference to a party or a person or non-party means, unless otherwise indicated, a natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, subsidiary, division, affiliate, parent company, and any other form of

business organization or arrangement, and includes the party or person or non-party's officers, directors, managers, members, employees, agents, representatives, shareholders, independent contractors, attorneys, accountants, and all other person(s) over which the party or person or non-party has control or which act or purport to act on their behalf. Any party or any person or non-party producing or disclosing Confidential Information or Discovery Material pursuant to the terms set forth below is referred to as the "Producing Party," and the party or any person or non-party receiving or being given access to confidential information or material is referred to as the "Receiving Party."

1. **Confidential Information.** "Confidential Information" means any and all information, documents, materials, items and things produced, disclosed or otherwise revealed in discovery in this case, regardless of the medium or manner generated, stored or maintained, including but not limited to testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories or requests for admission, or other forms of discovery responses (collectively, "Discovery Material") (i) that has not been made public, (ii) that constitutes trade secrets, confidential research and development information, know-how, proprietary data, marketing information, personnel files, contracts, financial information, and/or similarly commercially sensitive or personal information, and attorney-client privileged information and work product, (iii) that the designating party maintains in confidence and in good faith believes in fact is confidential or that its unprotected disclosure might result in economic or competitive injury, and (iv) that cannot be ascertained from an inspection of ·publicly available documents, materials, or devices. In producing or disclosing "Confidential Information," the Producing Party shall designate the Discovery Materials as "CONFIDENTIAL" pursuant to Section 2.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

**2.      Designation of Confidential Information by Receiving Party.** All Discovery Material in this case that has not been designated as Confidential Information by the Producing Party automatically shall be deemed Confidential Information for the first five (5) business days after receipt by the Receiving Party. During those five days, the Receiving Party may designate any Discovery Material received as Confidential Information under the same designation procedure and according to the same rules applicable to the Producing Party as set forth herein. If, at the expiration of the five-day period, the Receiving Party fails to notify the Producing Party of its intent to designate Discovery Material as Confidential Information, any non-designated Discovery Material shall be treated as not Confidential Information unless otherwise designated as Confidential Information as set forth herein.

When the Producing Party produces, discloses or otherwise reveals Confidential Information, it shall be clearly designated at the expense of the Producing Party as "CONFIDENTIAL" and treated as Confidential Information by the Receiving Party. The legend "CONFIDENTIAL" shall be stamped or affixed to the Discovery Material(s) in such a way as to not obliterate or obscure any written matter. With respect to a multi-page document that contains Confidential Information, the designation should be made, to the extent possible, on each page of the document. If designation in the manner set forth herein is impossible or impractical, the Producing Party may use such other method of designation as is reasonable under the circumstances. The Producing Party shall, in good faith, designate as "CONFIDENTIAL" only such Discovery Materials, pursuant to and consistent with Section I, that it reasonably believes constitutes Confidential Information, and the Producing Party shall use best efforts to designate Discovery Materials as containing Confidential Information prior to production or disclosure by the Producing Party. In the event any Discovery Materials that contain Confidential Information are made available for inspection by a party, there will be no waiver of confidentiality by virtue of

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

such inspection before the material is copied and produced with a confidentiality designation by the Producing Party.

**3.     Use of Confidential Information Generally.**  All Confidential Information designated as provided herein in Section 2 shall be used by the Receiving Party solely for the purposes of this lawsuit, shall not be disclosed to anyone other than those persons identified herein in Section 5, and shall be handled in the manner set forth herein until such designation is removed by the Producing Party or by order of the Court. Such Confidential Information shall not be used by any Receiving Party or other person granted access thereto under this Stipulated Confidentiality Agreement and Protective Order ("Stipulation and Order" or "Protective Order") for any purpose outside of this lawsuit, including, but not limited to, a business or competitive purpose, publicity, or in another legal dispute or proceeding, without prior written consent of the Producing Party or approval from the Court. Nothing herein shall preclude the Producing Party from using its own Confidential Information.

The Receiving Party, or any person or non-party receiving or being given access to Confidential Information, must proceed as follows:

a. Store and maintain such Confidential Information in a secure manner, within their exclusive possession and control;

b. Take all measures reasonably necessary to maintain the confidentiality of such Confidential Information; and

c. Not permit or participate in, directly or indirectly, the unauthorized production, disclosure, or use of such Confidential Information.

All parties and persons or non-parties obtaining, receiving or being given access to Confidential Information in accordance with this Stipulation and Order consent to the continuing

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

jurisdiction of the Court for the purpose of enforcing the terms of this Stipulation and Order and remedying any violation(s) thereof.

**4.     Use of Confidential Information in Depositions.**  Any party shall have the right to use Confidential Information during depositions taken in connection with this case unless otherwise agreed to by the parties in writing or on the record at the deposition. However, to the extent a third party deponent (or a person or non-party not otherwise authorized to receive Confidential Information under Section 5 herein) is present, that third party deponent or person or non-party shall be required to execute a copy of the form Attachment A affixed to this Stipulation and Order prior to dissemination or disclosure of Confidential Information. Counsel for the affected party may also require that all individual(s) not qualified to obtain, receive or be given access to Confidential Information under this Stipulation and Order leave the deposition session during any portion where Confidential Information is used, disclosed or referred to. At any deposition session, upon inquiry with regard to the content of a document, material, item or thing marked "CONFIDENTIAL," or whenever counsel for a party deems that the answer to a question may result in the disclosure of Confidential Information, or whenever counsel for a party deems that the answer to any question has resulted in the disclosure of Confidential Information, the deposition (or portions thereof) may be designated by the affected party as containing Confidential Information subject to the provisions of this Stipulation and Order.  When such designation has been made, the testimony or the transcript of such testimony shall be disclosed only to those parties or persons or non-parties described herein in Section 5 and to the testifying third party deponent, and the Confidential Information contained therein shall be used only as specified in this Stipulation and Order. Moreover, all originals and copies of deposition transcripts that contain Confidential Information and/or exhibits containing Confidential Information shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

portions of such transcript so designated shall be filed under seal as required under Section 6 herein.

Counsel must designate portions of a deposition transcript, by page and line number(s), including any confidential exhibit(s), as "CONFIDENTIAL" within ten (10) days of receiving the transcript and corresponding exhibit(s). Designations may be made by letter to counsel of record or on the record during the deposition. Portions of deposition transcripts so designated shall be treated as Confidential Information by the parties as set forth herein. If all or a portion of a videotaped deposition is intended to be designated as Confidential Information, the videocassette, videotape, DVD, CD-ROM or other electronic medium storing or maintaining the deposition testimony shall be stamped or affixed "CONFIDENTIAL." During the ten (10) day period, the entire transcript, or other recording of deposition testimony, shall be treated as Confidential Information. If no confidential designations are made within the ten (10) day period, the entire transcript shall be considered not Confidential Information.

5. Disclosure of Confidential Information. Confidential Information produce d pursuant to this Stipulation and Order may be disclosed or made available only to the persons designated below:

a. Retained counsel and in-house counsel for a party (including attorneys associated with retained counsel's law firm and the paralegal, clerical, and secretarial staff employed by retained counsel, to the extent such persons are deemed reasonably necessary by the party's counsel to aid in the prosecution, defense or settlement of this action);

b. A party, or officers, directors, agents, representatives, and employees of a party deemed reasonably necessary by counsel for the party to aid in the defense, or settlement of this action,

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

  c. Outside experts or consultants (together with their clerical and secretarial staff) retained by counsel for a party to assist in the prosecution, defense, or settlement of this action, to the extent reasonably necessary to perform their work in col1llection with this action;

  d. Clerical and data processing personnel, including third party vendors, involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Discovery Material, to the extent reasonably necessary to assist a party or its counsel in these proceedings;

  e. This Court and its staff and any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in col1llection with this action;

  f. Court reporter(s) and videographers(s) employed in this action;

  g. A witness or person or non-party appearing at a deposition in this action, subject to the terms of Section 4;

  h. The original source of the Confidential Information (its author), and any addressee(s) or recipient(s) of communications or mate1ial that is designated as Confidential Information, including but not limited to addressee(s) or recipient(s) of confidential e-mail communications and/or confidential correspondence;

  i. Any other person as to whom the parties in writing agree or that the Court in this action designates; and

  j. Any governmental agency or regulating authority to the extent disclosure is required by applicable law.

  Any person or non-party to whom Confidential Information is disclosed or revealed pursuant to subparts (f), (g) or (i) of this Section shall be given a copy of this Stipulation and Order and advised (I) that the Confidential Information is being disclosed pursuant to an Order of the Court and agreement of the Parties; (2) that the Confidential Information may not be disclosed by

Page 7 of 19

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

such person or non-party to any other person or non-party not permitted to have access to the Confidential Information pursuant to this Stipulation and Order; and (3) that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Prior to delivering or disseminating any Confidential Information to any person or non-party designated in subparts (f), (g) or (i) of this Section, above, such person or non-party shall be required to execute a copy of the form Attachment A affixed to this Stipulation and Order. No party (or its counsel) shall discourage any persons or non-parties from signing a copy of the form Attachment A affixed to this Stipulation and Order.

**6.    Filing of Confidential Information With the Court.**  Any Confidential Information that any party or non-party files with the Court, including transcripts of depositions or portions thereof, documents produced in discovery, information obtained from inspection of premises or things, and answers to interrogatories or requests for admissions, exhibits and all other documents that have previous thereto been designated as containing Confidential Information, or any pleading, motion, brief or memorandum reproducing, paraphrasing, or containing such Confidential Information, shall be filed and maintained under seal in compliance with Part VII of the Nevada Supreme Court Rules Governing Sealing and Redacting Court Records.

**7.    Knowledge of Unauthorized Use or Possession of Confidential Information.** The Receiving Party or its counsel shall immediately notify counsel for the Producing Party in writing if it learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information in any manner inconsistent with the terms of this Stipulation and Order. The Receiving Party shall promptly furnish the Producing Party in writing with the full details of such unauthorized possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure, the Receiving Party shall assist the Producing Party in preventing its recurrence and shall cooperate fully with the Producing Party in any litigation to

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

prevent unauthorized use or further dissemination of Confidential Information. The Receiving Party shall further use its best efforts to retrieve all copies of Confidential Information obtained by persons or non-parties not authorized to possess, know or otherwise receive Confidential Information under this Stipulation and Order, and provide such person or non-party with a copy of this Stipulation and Order.

**8.     Copies, Summaries or Abstracts.**  Any and all copies, summaries, abstracts, compilations or exact duplications of Confidential Information shall be marked "CONFIDENTIAL" and shall be considered Confidential Information subject to the terms and conditions of this Protective Order. Attorney-client communications and attorney work product regarding Confidential Information shall not be subject to this Section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information, provided that the holders of such communications and work product maintain its confidentiality.

**9.     Information Not Confidential.**  The restrictions set forth in this Protective Order shall not be construed:

(a) To apply to information lawfully obtained by a party from arty non-party to this litigation, if that non-party had the right to disclose such information subsequent to the production of information by the Producing Party, subject to add in accordance with Section 10 herein; or

(b) To apply to information or other materials that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

(c) To apply to information or other materials that, under law, have been declared to be in the public domain.

For purposes of this Stipulation and Order, "tax returns" shall not be declared as information or other Discovery Material that is or has become part of the public domain, unless

Page 9 of 19

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

such tax returns have been made publicly available pursuant to state or federal law or otherwise have been voluntarily made publicly available by the taxpayer.

**10.     Production of Confidential Information by Non-Parties.**  Promptly and in no event later than ten (10) days of receipt of any information, documents, materials, items or things produced by a non-party in response to a subpoena or court order, the party receiving such information, documents, materials, items or things shall provide all parties in this case with copies thereof. Any party who reasonably believes in good faith that any materials produced by a non-party contain Confidential Information may, within ten (10) days of receipt thereof, designate the materials as "CONFIDENTIAL." Until this ten (10) day period expires, the parties shall treat all such materials produced by a non-party as Confidential Information. If no objections or confidential designations are made within the ten (10) day period, the materials shall be considered not Confidential Information.

Nothing herein shall be construed as authorizing or encouraging a party to disobey a lawful directive from this or another court or tribunal.

**11.     Challenges to Confidentiality Designations.** If at any time counsel for any party believes in good faith that counsel for any other party has unreasonably designated certain Discovery Materials as containing Confidential Information, or believes in good faith that it is necessary to disclose Confidential Information to persons or non-parties other than those permitted by this Protective Order, the objecting party may make an appropriate application to this Court requesting that the specific Discovery Materials be excluded from the provisions of this Protective Order or be made available to specified other persons or non-parties; however, prior to seeking relief from the Court, the Parties must comply with the requirements of EDCR 2.34 to attempt to resolve informally any and all dispute(s) relating to confidentiality designations or the disclosure of Confidential Information to persons or non-parties not identified in Section 5. Each party shall

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

be given notice and reasonable time (not less than ten (10) calendar days) to object to the disclosure or designation of Confidential Information. The party claiming confidentiality shall have the initial burden of establishing confidentiality. Until the Court issues a ruling, all parties shall continue to afford the Discovery Material(s) in dispute the protection to which it is entitled under this Protective Order, and will not disclose or reveal the disputed Discovery Material(s) to the person or non-party at issue.

Unless a prompt challenge to a designation of any Discovery Material as containing Confidential Information is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of this proceeding, a party does not waive its right to challenge a confidentiality designation by electing not to mount an objection promptly after the original designation is made by a Producing Party or by a person or non-party permitted to receive or be given access to Confidential Information under Section *5* of this Protective Order.

**12.** **Use of Confidential Information in Court.**   In the event that any Confidential Information is used or referenced in any pretrial Court proceeding in this action, it shall not lose its confidential status through such use. Nothing in this Protective Order, or designations of confidentiality hereunder, shall in any way affect the treatment of Confidential Information at the trial of this action. Should the Producing Party desire that Confidential Information be treated as confidential at trial, the Producing Party must make an appropriate request to the Court for such treatment at the time set forth by the Court for consideration of motions *in limine* or at such other time as directed by the Court.

**13.** **Reservation of Rights.**   This Protective Order is entered solely for the purpose of facilitating the exchange of Discovery Materials among tl1e parties to this action without involving

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

the Court unnecessarily in the process. Notwithstanding, the Parties hereby reserve the following rights:

a.  Nothing in this Protective Order, nor the production of any Discovery Materials under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed or construed (i) to have the effect of an admission or a waiver by any party of the confidentiality or non-confidentiality of any such materials; (ii) to alter the confidentiality or the non-confidentiality of any such materials; (iii) to alter any existing or pending obligation of any party or the absence thereof; or (iv) to affect in any way the authenticity or admissibility of any document, testimony or other evidence at trial.

b.  Entry of this Protective Order does not preclude any party from seeking or opposing additional or different protection for particular information or documents.

c.  Each party may object to the production, disclosure or use of any Discovery Materials that a party designates as containing Confidential Information on any other grounds(s) it deems appropriate, including, but not limited to, attorney-client privilege, work product, or any other privilege or protection provided under applicable law.

d.  This Stipulation and Order shall neither enlarge nor affect the proper scope of discovery in this case or any other litigation, nor shall this Stipulation and Order imply that Confidential Information is discoverable, relevant or admissible in this case or any other litigation.

e.  Nothing in this Stipulation and Order is intended to expand or limit a party's right under the Nevada Rules of Civil Procedure or other applicable state or federal law to pursue costs and attorneys' fees incurred in making a motion to challenge a confidentiality designation pursuant to Section II herein.

**14.  Inadvertent Failure to Designate Information as Confidential.** The inadvertent failure of a Producing Party to designate Discovery Materials as Confidential Information (whether

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

in the form of documents, interrogatories, testimony or otherwise) shall not be deemed, by itself, to be a waiver of the party's right to so designate such Discovery Materials.  Immediately upon learning of any such inadvertent failure, the Producing Party shall notify the Receiving Party of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. However, disclosure by a Receiving Party of such Discovery Materials to any other person or non-party prior to later designation of the Discovery Materials by the Producing Party in accordance with this Stipulation and Order shall not violate the terms of this Stipulation and Order. Notwithstanding the foregoing, a Receiving Party that discloses inadvertently disclosed Discovery Material prior to its subsequent designation as Confidential Information pursuant to this Section must take any and all good faith, reasonable efforts to remediate the disclosure, including, but not limited to, seeking the return of the disseminated Confidential Information and having persons to whom the Confidential Information was given execute a copy of the form Attachment A.

**15.     Inadvertent Production of Privileged or Otherwise Protected Information.** Notwithstanding anything to the contrary herein, the inadvertent or unintentional making of documents or items available for inspection or the production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity from discovery if after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege, work product immunity, and/or any other applicable privilege or immunity and requests in writing return of such documents to the Producing Party. Upon request by the Producing Party, the Receiving Party shall immediately retrieve and return any and all copies distributed to others (e.g., experts, consultants, vendors). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney/client privilege,

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

work product immunity, or other applicable privilege or immunity designation by submitting a written challenge to the Court; however, the fact of the inadvertent production or inspection of the document(s) may not be used as a basis for such challenge. A Receiving Party may not retain any copies of any inadvertently produced document(s) for any purpose, including the purpose of challenging the propriety of the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity designation; however, the Producing Party must add the document(s) to a privilege log.

16. **Amendment.** This Stipulation and Order may be amended from time to time by written agreement of counsel for the Parties, which agreement shall be submitted to the Court in advance for its approval.

17. **Return or Destruction of Confidential Information.** Within thirty (30) days after the conclusion of this action, including any appeal thereof, or at such other time as the parties may agree in writing, all Discovery Material, together with all copies, excerpts, summaries and compilations thereof, which have been designated as containing Confidential Information or otherwise treated by the parties as confidential, shall be returned to the Producing Party. In lieu of returning such designated Discovery Materials as provided herein, counsel for the Receiving Party may certify in writing to counsel for the Producing Party that the Discovery Materials, together with all copies, excerpts, summaries and compilations thereof, which have been designated as containing Confidential Information have been destroyed. This section shall not apply to the Court or its staff.

18. **Injunctive Relief Available.** Each party acknowledges that monetary remedies may be inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Information and that injunctive relief may be appropriate to protect each party's rights

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

in the event there is any such unauthorized disclosure or use of Confidential Information, in addition to whatever relief maybe available at law or in equity.

**19.    Other Actions And Proceedings.** If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Stipulation and Order, seeking Discovery Materials that were produced or designated as containing Confidential Information pursuant to this Stipulation and Order, the Receiving Party shall give prompt written notice by hand, email or facsimile transmission to counsel for the Producing Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide the Producing Party with the opportunity to object to the immediate production of the requested Discovery Materials to the extent permitted by law.  The Receiving Party shall give the Producing Party in writing the following: (i) a copy of the subpoena, demand or legal process containing the information, documents, materials, items and things sought by the subpoena, demand or other legal process; (ii) the date on which compliance with the subpoena demand or other legal process is requested or required; (iii) the location at which compliance with the subpoena, demand or other legal process is requested or required; (iv) the identity of the party serving the subpoena, demand or other legal process; and (v) the case name, jurisdiction, and other information reasonably necessary to identify the other action or proceeding in which the subpoena, demand or other legal process has been issued. Should the person seeking access to the Confidential Information take action against the Receiving Party or anyone else covered by this Stipulation and Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Stipulation and Order. Before disclosing any Confidential Information pursuant to such subpoena, demand or other legal process, the Receiving Party agrees that it will provide its best efforts to cooperate fully with any effort by the

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

Producing Party to object to or limit such disclosure of Confidential Information. The Producing Party shall, within five (5) business days after receiving the information described in Section 19, subparts (i) through (v) from the Receiving Party, notify the Receiving Party in writing of whether the Producing Party intends to object or otherwise respond to the subpoena, demand or other legal process seeking Discovery Materials that were produced or designated as containing Confidential Information pursuant to this Stipulation and Order.

**20. Order Survives Termination.** This Protective Order shall survive the termination of this action, including any appeals thereof, and the Court shall retain continuing jurisdiction to enforce or resolve any dispute concerning the use of Confidential Information disclosed hereunder.

**21. Compliance with this Order.** All counsel of record in this action shall make a good faith effort to comply with the terms of this Stipulation and Order, and ensure that their clients, and the persons or non-parties receiving or being given access to Confidential Information pursuant to Section 5 herein, similarly comply herewith. No Receiving Party may utilize any portion of Confidential Information for its/his/her own personal or business advantage or gain, aside from lawful purpose(s) related to these proceedings. In the event of a change in counsel, new counsel shall execute a copy of the form Attachment A affixed to this Stipulation and Order.

**22. Miscellaneous.** When interpreting this Stipulation and Order:

a. The term "and" includes the term "or" and the term "or" includes the term "and";

b. Defined terms shall have the meanings ascribed to such terms where used or defined;

c. The paragraph headings are for convenience only and in no way limit or enlarge the scope or meaning of the language thereof; and

///

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

d.   The terms herein shall be construed as a whole according to their fair and ordinary meaning and not strictly for or against any party.

DATED this 12th day of February, 2016.          GOODMAN LAW GROUP, P.C.


                                                */s/ Ross C. Goodman, Esq.*
                                                Ross C. Goodman, Esq.
                                                520 South Fourth Street, 2nd Fl.
                                                Las Vegas, Nevada 89101
                                                *Attorney for Defendant*


DATED this 12th day of February, 2016.          MAIER GUTIERREZ AYON


                                                */s/ Joseph A. Gutierrez, Esq.*
                                                Joseph A. Gutierrez, Esq.
                                                400 South Seventh Street, Ste. 400
                                                Las Vegas, Nevada 89101
                                                *Attorney for Plaintiff*

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

## **PROTECTIVE ORDER**

Having considered the foregoing and finding good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the foregoing Stipulated Confidentiality Agreement and Protective Order is GRANTED.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

Dated:  February 26, 2016

Respectfully submitted by:

GOODMAN LAW GROUP, P.C.


 _/s/ Ross C. Goodman, Esq._
Ross C. Goodman, Esq.
520 South Fourth Street, 2nd Fl.
Las Vegas, Nevada 89101
*Attorney for Defendant*

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

# FORM ATTACHMENT "A"

# CONFIDENTIALITY AGREEMENT

I, _____, do hereby acknowledge and agree as follows:

1. I have received and read the Stipulated Confidentiality Agreement and Protective Order entered in the matter entitled _____, pending in _____, of which the form of this agreement is an attachment.,

2. I understand the terms and provisions of the Stipulated Confidentiality Agreement and Protective Order and agree to be bound by and to adhere to all of its terms and provisions.

3. I do hereby submit to the jurisdiction of the _____ solely for the purpose of enforcement of the Stipulated Confidentiality Agreement and Protective Order and this Confidentiality Agreement.,

Dated this _____ day of _____, 2016.

_____
[Signature]

_____

_____

_____
[Name | Address |Telephone Number]

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088