UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIELLE LARSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. WESTWOOD, INC.,<br><br>　　　　Defendant. | Case No. 2:15-cv-01372-RFB-GWF<br><br>**ORDER** |

Before this Court is Defendant's Motion to Compel Arbitration (Dkt. No. 12). For the reasons discussed below, the motion to compel arbitration is granted, pending Motion to Dismiss (Dkt. No. 18) and Motion for Summary Judgment (Dkt. No. 51) are denied without prejudice, and the case is stayed pending the outcome of arbitration.

**I.   BACKGROUND**

Plaintiff filed a Complaint against Defendant, her former employer, on July 20, 2015, alleging unlawful employment practices, intentional discrimination, and retaliation, under Title VII of the Civil Rights Act and 42 U.S.C. § 1981(a), and unlawful deprivation of employment under N.R.S. 613.33. (Dkt. No. 1). Defendant operates a gentleman's club and steakhouse in Las Vegas, Nevada, where Larson was hired as a cocktail server in February of 2010. Larson alleges claims of discrimination based on her race and national origin, a hostile work environment, as well as retaliatory termination of her employment.

Defendant filed an Emergency Motion to Compel Arbitration, pursuant to an arbitration clause in Plaintiff's employment contract, on December 7, 2015. (Dkt. No. 12). Plaintiff filed a Response to the Motion to Compel on December 21, 2015. (Dkt. No. 17). Defendant filed a

Reply on December 21, 2015. (Dkt. No 19). The Court reviewed Defendant's Emergency Motion to Compel Arbitration and determined that it need not be considered on an expedited basis, on December 28, 2015. (Dkt. No. 23).

On December 21, 2015, Defendant filed a Motion to Dismiss. (Dkt. No. 18). On May 31, 2016, Defendant filed a Motion for Summary Judgment. (Dkt. No. 51).

## II.   MOTION TO COMPEL ARBITRATION

### A.  Legal Standard

The Federal Arbitration Act ("FAA") provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA provides two methods for enforcing arbitration: (1) an order compelling arbitration of a dispute; and (2) a stay of pending litigation raising a dispute referable to arbitration.  9 U.S.C §§ 3, 4.

"By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985).  The FAA limits the district court's role to determining (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175 (9th Cir. 2014).  "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ."  Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983).  Thus, "[t]he standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the Act is phrased in mandatory terms." Republic of Nicar. v. Std. Fruit Co., 937 F.2d 469, 475 (9th Cir.1991).  However, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to

1    submit." AT & T Technologies, Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986), (quoting United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960)).

The determination of whether a particular issue should be determined by the arbitrator rather than the court is governed by federal law. Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). However, when deciding whether the parties agreed to arbitrate a certain matter, courts generally apply ordinary state law principles of contract interpretation. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

Section 3 of the FAA provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement. 9 U.S.C. § 3. Although the statutory language supports a mandatory stay, the Ninth Circuit has interpreted this provision to allow a district court to dismiss the action. See Sparling v. Hoffman Const. Co., 864 F.2d 635, 638 (9th Cir. 1988). A request for a stay is not mandatory. Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978).

### B. Analysis

The Court's role is to determine whether the parties agreed to arbitrate, and whether the scope of that agreement encompasses the claims at issue. See Nguyen, 763 F.3d at 1175. In this case, Plaintiff signed an employment contract with Defendant which contained an arbitration clause establishing mandatory arbitration as the forum for dispute resolution. Dkt. No. 12, Defs' Ex. A, pp 21-24. The arbitration clause covers "any and all disputes, claims and controversies arising out of or relating to [the employment] agreement or termination of employment, any terms or conditions of employment…". Id. The clause includes a paragraph stating, in relevant part, that "covered disputes, claims and controversies include, but are not limited to, any and all disputes, claims and controversies…arising under…Title VII of the Civil Rights Act of 1964...42 U.S.C. § 1981…[and] any other claims arising under Nevada State Law…regulating employment termination…". Id. Larson initialed the arbitration provision, and signed the Employment Agreement. Larson's Complaint alleges claims under Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and N.R.S. 613.33 for unlawful deprivation of employment. All of these

1  claims appear to fall within the scope of the arbitration agreement that Larson signed. Nevada
2  courts hold that agreements to arbitrate are specifically enforceable. Silverman v. Fireman's
3  Fund Ins. Co., 96 Nev. 30, 604 P.2d 805 (Nev. 1980). In the absence of evidence of contractual
4  intent to exclude a claim from arbitration, the Nevada Supreme Court has instructed that any
5  doubts about whether disputes are arbitrable should be resolved in favor of arbitration. See Clark
6  County Public Employees v. Pierson, 106 Nev. 587, 798 P.2d 136, 142 (Nev. 1990).

7  Plaintiff argues that under N.R.S. 597.995, which requires "specific authorization" for
8  provisions requiring a person to submit to arbitration, the arbitration clause Larson signed is
9  invalid. Plaintiff interprets the statutory language regarding "specific authorization" to mean that
10 an arbitration agreement must be a standalone document. However, N.R.S. 597.995 does not
11 reference such a requirement, and Plaintiff points to no legal authority, nor is the Court aware of
12 any such authority, standing for the proposition that a standalone document is required to compel
13 arbitration. The arbitration provision in the instant employment contract is three pages long. Dkt.
14 No. 12, Defs' Ex. A, pp 21-24. It is part of the main Employment Agreement, which is eight
15 pages long. Dkt. No. 12, Defs' Ex. A, pp. 18-23. The employment agreement also contains
16 various appendices, however the arbitration provision is listed as part of the initial eight-page
17 document. The arbitration provision is set apart from the other provisions by boldface capital
18 letters, and required a separate initialing. Id. The signature page of the Agreement contained a
19 bold face heading stating that "Employment Shall be Deemed to Be Acceptance of the
20 Arbitration Policy." The Court finds that, under these facts, Larson specifically authorized the
21 arbitration agreement, and that it did not violate N.R.S. 597.995's requirements.

22 Plaintiff further argues that the arbitration agreement is unconscionable because Larson
23 was not afforded a meaningful choice, and because the terms of the agreement are favorable to
24 Defendant. However, Plaintiff does not provide any facts to indicate procedural
25 unconscionability in the process by which the Agreement was accepted by Larson. Plaintiff
26 merely argues that, under Ingle v. Circuit City Stores, the instant Agreement should be found
27 both procedurally and substantively unconscionable. 328 F.3d 1165 (9th Cir. 2004). Ingle is a
28 case that originated in California, and the Ninth Circuit's analysis in that case is premised

1  entirely on California state contract law principles. Under those principles, the Ninth Circuit held
2  that in Ingle, a standard arbitration agreement that job applicants were not permitted to modify,
3  which was a prerequisite to employment, was procedurally unconscionable. See id. Ingle further
4  held that the clause's application to employment-related legal disputes unfairly limited its
5  coverage to claims brought by employees, and was therefore one-sided. Id. Additionally, the
6  Ninth Circuit found that the clause's bar on class-wide arbitration was substantively
7  unconscionable. Id.

8  California law and Nevada law differ with respect to the enforcement of arbitration
9  agreements, and Plaintiff cannot rely on the Ninth Circuit's analysis of California contract
10 principles alone to argue that the instant arbitration agreement is procedurally and substantively
11 unconscionable. The Nevada Arbitration Act recognizes that "an agreement contained in a record
12 to submit to arbitration any existing or subsequent controversy arising between the parties to the
13 agreement is valid, enforceable and irrevocable, except as otherwise provided in N.R.S. 597.995
14 or upon a ground that exists at law or in equity for the revocation of a contract. N.R.S. 38.219.
15 As discussed, supra, Plaintiff's argument that the instant arbitration agreement did not include
16 "specific authorization" under N.R.S. 597.995, merely because it was not a standalone document,
17 has no basis in Nevada legal precedent. Furthermore, Plaintiff has included no facts to indicate
18 procedural or substantive unconscionability in the execution of the contract, aside from
19 comparing the instant case to Ingle.

20 Therefore, the Court finds that the parties agreed to binding arbitration, and that the scope
21 of the agreement encompasses all of Plaintiff's claims under Title VII, 42 U.S.C. § 1981, and
22 N.R.S. 613.33. Defendant's motion to compel arbitration is granted.

23

24 **C. Stay**

25 Once the court has determined that a dispute falls within the scope of an arbitration
26 agreement, the proceedings in the case as to the arbitrable issue must be stayed pending the
27 completion of arbitration. 9 U.S.C. § 3 ("If any suit or proceeding be brought . . . upon any issue
28 referable to arbitration . . . , the court . . . shall on application of one of the parties stay the trial of

the action until such arbitration has been had in accordance with the terms of the agreement . . . ."). Accordingly, the litigation must be stayed pending binding arbitration. Any party may move to lift the stay once arbitration is concluded. All pending motions are denied without prejudice, pending resolution of arbitration and the lifting of the stay.

### D.  Attorney's Fees

Defendant argues summarily that it should be entitled to legal fees for having to bring its motion to compel arbitration, pursuant to the terms of Larson's Employment Agreement. The Agreement contains a clause stating that in "any action…regarding the enforcement of the terms of this Agreement… [Defendant] "is entitled to all…expenses related to such litigation and/or arbitration." Dkt. No. 12, Defs.' Ex. A, p 24.

Because the litigation in the instant matter is being stayed, the Court reserves judgment on the awarding of attorney's fees pursuant to the Employment Agreement. Once the stay is lifted, Defendant may file a motion for attorney's fees.

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Motion to Compel Arbitration, (Dkt. No. 12), is GRANTED. Motion for Hearing re Motion to Compel, (Dkt. No. 21), is DENIED.

**IT IS FURTHER ORDERED** that this litigation is stayed pending the resolution of the arbitration proceeding. Either party may move to lift the stay once arbitration has concluded. Pending Motion to Dismiss, (Dkt. No. 18), and Motion for Summary Judgment, (Dkt. No. 51), are DENIED without prejudice.

**DATED**: September 27, 2016.

**RICHARD F. BOULWARE II**
**United States District Judge**